UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

CLAUDELL HODGES,

    Plaintiff,

v.

                                        Cause No. 1:17-cv-960

GEICO INSURANCE,

    Defendant.

## NOTICE OF REMOVAL

Defendant Government Insurance (hereinafter "GEICO"), by and through its counsel, Allen, Shepherd, Lewis & Syra, P.A. (Daniel W. Lewis and Tiffany A. Owens), hereby submits its Notice of Removal and removes this case pursuant to 28 U.S.C. § 1441, and in support thereof states as follows:

1. By and through this Notice of Removal, GEICO removes all claims asserted by Plaintiff Claudell Hodges (hereinafter "Plaintiff") against GEICO on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

2. Plaintiff filed her "Complaint for Breach of Insurance Contract for First Party Personal Injury Damages Claim, Violations of Unfair Practices Act, Violations of Insurance Practices Act and Bad Faith" (hereinafter "Plaintiff's Complaint") on August 8, 2017 in the Thirteenth Judicial District, County of Valencia, State of New Mexico, Cause No. D-1314-CV-2017-00934.

3. Plaintiff served the Complaint and summons on GEICO through the New Mexico Office of Superintendent of Insurance on September 8, 2017. This removal is therefore timely. *See* 28 U.S.C. § 1446(b)(1).

4. A copy of the Complaint is attached hereto as "Exhibit A". *See* 28 U.S.C. § 1446(a).

5. A copy of all other process, pleadings, and orders served on Defendant in the state lawsuit are attached hereto as "Exhibit B". *See* 28 U.S.C. § 1446(a).

6. A copy of the docket sheet from the state lawsuit is attached hereto as "Exhibit C". *See* 28 U.S.C. § 1446(a).

7. This Court has jurisdiction over all claims in this case pursuant to 28 U.S.C. §§ 1332 and 1441(a).

8. Venue is proper in this Court since Plaintiff's claims relate to an insurance policy issued in New Mexico and insurance claims initiated in New Mexico and since the state lawsuit was filed in New Mexico and removed from a New Mexico state court. *See* 28 U.S.C. §§ 1391, 1441(a) & 1446(a).

9. Pursuant to 28 U.S.C. Section 1446(d), written notice of the filing of this Notice of Removal will be filed in the state court and served upon Plaintiff promptly after removal.

10. GEICO is filing a Notice of Filing Notice of Removal, a copy of which is attached (without its exhibits) to this Notice as "Exhibit D," with the Clerk of the Thirteenth Judicial District, County of Valencia, State of New Mexico, pursuant to 28 U.S.C. § 1446(d), together with this Notice.

11. Pursuant to D.N.M.LR-CIV. 81.1(a), GEICO will submit copies of the records and proceedings from the state court action within twenty-eight days of filing this Notice of Removal.

## Diversity of Citizenship

12. According to her Complaint and upon other information and belief, Plaintiff is a resident of New Mexico. *See* Ex. A., ¶ 1.

13. GEICO is a Maryland corporation with its principal place of business in Maryland.

14. GEICO is not a resident of New Mexico. *See* 28 U.S.C. § 1446(b)(2).

15. Since Defendant is not a resident of the same state as Plaintiff, complete diversity of citizenship exists for this case. *See* 28 U.S.C. § 1332(a)(1).

## Amount in Controversy

16. The amount in controversy exceeds $75,000.

17. Although GEICO denies that Plaintiff is entitled to any damages, the amount in controversy requirement is satisfied by the amount that Plaintiff seeks.

18. New Mexico practice does not permit a demand for a specific sum in a complaint, *see* NMRA 1-008(A)(3), and Plaintiff's Complaint does not assert a specific total sum. *See* 28 U.S.C. § 1446(c)(2)(A)(ii).

19. Plaintiff has demanded the underinsured motorist policy limits of $25,000, less the tortfeasor offset. *See* Ex. A, at ¶ 14.

20. Plaintiff's Complaint also requests interests on the sums allegedly owed under the policy as damages. *See* Ex. A (prayer for relief).

21. Plaintiff alleges that GEICO violated the Unfair Trade Practices Act, *see* NMSA 57-12-1 *et seq.*, and that GEICO's conduct was willful. *See* Ex. A., at ¶¶ 36-40.

22. The Unfair Trade Practices Act permits the recovery of treble damages for willful violations of the Unfair Trade Practices Act. *See* NMSA § 57-12-10(B).

23. Plaintiff's Complaint alleges that punitive damages should be awarded against GEICO. *See* Ex. A (prayer for relief).

24. Although no specific amount or multiplier is alleged in Plaintiff's Complaint, Plaintiff would likely request a multiplier of one to two times the alleged compensatory damages.

25. Plaintiff's Complaint seeks attorney's fees. *See* Ex. A (prayer for relief).

26. New Mexico law permits the recovery of reasonable attorney's fees in first party lawsuits against insurance companies if the insured prevails and the court finds "that the insurer acted unreasonably in failing to pay the claim." *See* NMSA § 39-2-1.

27. The Unfair Trade Practices Act also provides for attorney's fees for a plaintiff who prevails on an Unfair Trade Practices Act. *See* NMSA § 57-12-10(C).

28. If Plaintiff prevailed on her claims after litigating them through trial, she would likely claim $50,000 to $60,000 in attorney's fees based on the type of case, the nature of her alleged damages, and the allegations against GEICO.

WHEREFORE, Defendant GEICO Insurance gives notice that the above-styled action, which was pending in the Thirteenth Judicial District, County of Valencia, State of New Mexico, as Cause No. D-1314-CV-2017-00934 is hereby removed to this Court.

Electronically Filed,

ALLEN, SHEPHERD, LEWIS & SYRA, P.A.

By: /s/ Daniel W. Lewis
    Daniel W. Lewis
    Tiffany A. Owens
    P.O. Box 94750
    Albuquerque, NM  87199-4750
    (505) 341-0110
    dlewis@allenlawnm.com
    towens@allenlawnm.com
    *Attorneys for Defendant GEICO Insurance*

I HEREBY CERTIFY that on the 21st day of September, 2017, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Tibo J. Chavez, Jr., Esq. / tchavezlaw@zianet.com
*Attorney for Plaintiff*

/s/ Daniel W. Lewis
Daniel W. Lewis

5