FILED IN MY OFFICE
DISTRICT COURT CLERK
8/8/2017 9:08:00 AM
PHILLIP ROMERO

AY

THIRTEENTH JUDICIAL DISTRICT
COUNTY OF VALENCIA
STATE OF NEW MEXICO

CLAUDELL HODGES,

        Plaintiff,

v.                              NO. D-1314-CV-2017-00934

GEICO INSURANCE

## COMPLAINT FOR BREACH OF INSURANCE CONTRACT FOR FIRST PARTY PERSONAL INJURY DAMAGES CLAIM, VIOLATIONS OF UNFAIR PRACTICES ACT, VIOLATIONS OF INSURANCE PRACTICES ACT AND BAD FAITH

COMES NOW the Plaintiff, Claudell Hodges, by and through her attorney, Tibo J. Chavez, Jr. and for her Complaint states as follows:

### GENERAL ALLEGATIONS

1. Claudell Hodges (Hodges) is a resident of Sierra County, New Mexico.

2. On December 16, 2016, Ms. Hodges was traveling south bound as a passenger in Delrae Kelly's vehicle, in the right lane on NM 47 and was involved in a motor vehicle collision and sustained injuries.

3. Geico Insurance is the insurer of Delrae Kelly, in whose vehicle Claudell Hodges was a passenger.

4. Geico Insurance is a for profit company doing business in the State of New Mexico.

5. On December 16, 2016, when Ms. Hodges was traveling south bound on NM 47, in Valencia County, New Mexico, she was rear ended by a vehicle that was carelessly driven by Peter Huff.

6. Mr. Huff was driving recklessly and failed to slow down to avoid hitting the vehicle in which Ms. Hodges was traveling, causing Huff to forcefully slam into

1


EXHIBIT A

Ms. Hodges' vehicle.

7. As a result of Peter Huff's negligent and reckless actions, Ms. Hodges suffered serious injuries with extreme pain.

8. As a direct and proximate result of the collision, Ms. Hodges suffered multiple injuries with such as 5th through 9th rib fractures. She had deep bruising in her right clavicle and across her anterior chest. She is unable to physically do many of the daily tasks and activities that she did prior to the collision. Ms. Hodges has daily ongoing low and mid back pain and pain and pain when standing or walking for more than a few minutes.

9. Ms. Hodges suffered physical pain and suffering requiring medical evaluation and treatment. Her chronic and permanent daily pain and suffering and medical treatment will continue into the future.

10. Ms. Hodges is and will in the future be injured and has suffered and will continue to suffer, great bodily pain, suffering emotional distress and loss of enjoyment of life from said injury.

11. The liability insurance limit of $50,000.00 of the tortfeasor, Mr. Huff was tendered, but was unquestionably insufficient to fairly compensate Ms. Hodges for her injuries and damages.

12. Geico Insurance was notified on May 17, 2017 by fax that State Farm Insurance tendered to Ms. Hodges the underinsured motorist policy limit of $25,000.00 after the offset of the tender of liability the on behalf of the tortfeasor, Mr. Huff.

13. Ms. Hodges paid Geico Insurance for underinsured motorist coverage in the amount of $75,000.00, plus $1,000.00 in medical payments to cover her and her

2

passengers.

14. Ms. Hodges made timely demand upon Geico Insurance for tender of the underinsured motorist policy limits, less the tortfeasor offset.

15. By letter of June 9, 2017, Ms. Hodges provided Geico Insurance with medical records and bills supporting her claim for payment of damages for injuries sustained by her in the collision.

16. Geico Insurance made a single unreasonably low offer of $10,000.00 by letter on or about June 21, 2017 and refused to make any other offer.

## COUNT I. BREACH OF INSURANCE CONTRACT AND DUTIES OF FAIR DEALING

17. All prior allegations are reasserted herein.

18. Geico Insurance has a contractual duty to fairly and timely investigate, evaluate and pay Ms. Hodge's claim in a timely manner.

19. Geico Insurance has a duty to deal fairly with the policyholder, including acting honestly and in good faith in the performance of the contract.

20. Geico Insurance has acted in bad faith by failing to properly and timely investigate and evaluate Ms. Hodges's first party claim and by failing to effect a prompt settlement and pay fair value on the claim.

21. Jarrid Fredrick is the current adjuster for Geico Insurance on the claim and has acted in bad faith by failing to pay fair value on the claim and failing to properly investigate and effect a prompt payment.

22. Geico Insurance's conduct was in breach of its contractual duties to Ms. Hodges.

23. Geico Insurance's conduct was in reckless disregard for the interests of the

3

plaintiff or was based on a dishonest judgment, or was otherwise malicious, willful or wanton.

24. As a result of Geico Insurance's conduct she was forced to retain an attorney and incur further expenses and is entitled to an award of attorney fees and costs, plus incidental and consequential damages.

25. As a direct and proximate result thereof, Ms. Hodges sustained damages for which she in entitled to judgment, plus costs and attorney fees.

## COUNT II. BREACH OF STATUTORY DUTIES AND VIOLATION OF INSURANCE PRACTICES ACT

26. All prior allegations are reasserted herein.

27. Geico Insurance has a statutory duty to fairly and timely investigate, evaluate and pay Ms. Hodges's claim in a timely manner.

28. Geico Insurance has acted in bad faith by failing to properly and timely investigate and evaluate Ms. Hodges's first party claim and by failing to effect a prompt settlement and pay fair value on the claim.

29. Jarrid Fredrick is the current adjuster for Geico Insurance on the claim and has acted in bad faith by failing to pay fair value on the claim and failing to properly investigate and effect a prompt payment.

30. Geico Insurance's conduct was in breach of its statutory duties to Ms. Hodges.

31. Geico Insurance's conduct was in violation of the Insurance Practices Act.

32. Geico Insurance's conduct was in reckless disregard for the interests of the plaintiff or was based on a dishonest judgment, or was otherwise malicious, willful or wanton.

33. As a result of Geico Insurance's conduct she has had to retain an attorney and incur further expenses and is entitled to an award of attorney fees and costs, plus incidental and consequential damages.

34. As a direct and proximate result thereof, Ms. Hodges sustained damages for which she in entitled to judgment, plus costs and attorney fees.

   **COUNT III. VIOLATION OF THE UNFAIR PRACTICES ACT**

35. All prior allegations are reasserted herein.

36. The wrongful conduct by Defendant constitutes unfair or deceptive trade practices and unconscionable trade practices and other violations of the New Mexico Unfair Practices Act [57-12-1 NMSA 1978], including but not limited to the following:

   a. unfair or deceptive trade practice" means an act specifically declared unlawful pursuant to the Unfair Practices Act (UPA) [ 57-12-1, NMSA 1978]. a false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts by a person in the regular course of his trade or commerce, which may, tends to or does deceive or mislead any person and includes:

      i. representing that goods or services are of a particular standard, quality or grade or that goods are of a particular style or model if they are of another;

      ii. using exaggeration, innuendo or ambiguity as to a material fact or failing to state a material fact if doing so deceives or tends to deceive;

      iii. using exaggeration, innuendo or ambiguity as to a material fact or failing to state a material fact if doing so deceives or tends to deceive;

      iv. stating that a transaction involves rights, remedies or obligations that it does not involve;

      v. failing to deliver the quality or quantity of goods or services contracted for.

  b. unconscionable trade practice" means an act or practice in connection with the sale, lease, rental or loan, or in connection with the offering for sale, lease, rental or loan, of any goods or services, including services provided by licensed professionals, or in the extension of credit or in the collection of debts which to a person's detriment:

      i. takes advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree; or

      ii. results in a gross disparity between the value received by a person and the price paid.

37. Geico Insurance's conduct was in violation of the Unfair Practices Act.

38. Geico Insurance's conduct was in reckless disregard for the interests of the plaintiff or was based on a dishonest judgment, or was otherwise malicious, willful or wanton.

39. As a result of Geico Insurance's conduct she has had to retain an attorney and incur further expenses and is entitled to an award of attorney fees and costs, plus incidental and consequential damages.

40. As a direct and proximate result thereof, Ms. Hodges sustained damages for which she in entitled to judgment, plus costs and attorney fees.

WHEREFORE, Plaintiff prays for Judgment against Geico Insurance as follows:

1. For general compensatory and punitive damages in an amount to be determined by the trier of fact;
2. For pre- and post-judgment interest;
3. For Plaintiff's attorney fees and costs incurred herein;
4. For such this and furthest relief as the Court deems just and proper.

Respectfully submitted:

/s/ *Tibo J. Chavez, Jr.*
Tibo J. Chavez, Jr.
*Attorney for Plaintiff*
PO Box 569
Belen, NM 87002
(505)864-4428