# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

**CLAUDELL HODGES,**

      **Plaintiff,**

v.                                           No. 17-cv-0960 JCH/KRS

**GEICO INSURANCE,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

On November 11, 2017, Defendant GEICO Choice Insurance Company ("GEICO" or "Defendant") filed an Unopposed Motion to Bifurcate Trial and Stay Discovery on Plaintiff's Extra-Contractual Claims (ECF No. 2). The Court, having considered the pleadings, motion, and relevant law, concludes that the motion should be granted to the limited extent that trial of the extra-contractual claims may be bifurcated from the contractual claims, but decided by the same jury, should the jury find for Plaintiff on the contractual claims. The motion will otherwise be denied.

    **I.**     **FACTUAL ALLEGATIONS AND CLAIMS**

This case arises out of a dispute over an underinsured motorist ("UIM") insurance claim. On December 16, 2016, Plaintiff Claudell Hodges ("Plaintiff") was a passenger in a vehicle driven by Delrae Kelly, and they were involved in a motor vehicle collision. Compl. ¶ 2, ECF No. 1-2. GEICO is the insurer of Delrae Kelly. *Id.* ¶ 3. GEICO believes that the car driven by Delrae Kelly was owned by Claudell Hodges. Answer ¶ 2, ECF No. 6.

Plaintiff asserts she suffered rib fractures, deep bruising in her clavicle and anterior chest, ongoing low and mid back pain, pain standing or walking for more than a few minutes, and that

her chronic and permanent daily pain and suffering and medical treatment will continue into the future. *See Compl.* ¶¶ 7-10, ECF No. 1-2. The liability insurance limit of $50,000 by the tortfeasor was tendered. *Id.* ¶ 11. GEICO was notified on May 17, 2017, that State Farm Insurance tendered Ms. Hodges the UIM policy limits of $25,000, after the offset of the tender of liability on behalf of the tortfeasor. *Id.* ¶ 12. Ms. Hodges alleges she paid GEICO for UIM coverage in the amount of $75,000, plus $1,000 in medical payments to cover her and her passengers. *Id.* ¶ 13. GEICO admits that Ms. Hodges purchased $75,000 in stacked UIM coverage, but asserts that after the $50,000 statutory offset, only up to $25,000 was available to Ms. Hodges. Answer ¶ 13, ECF No. 6.

Ms. Hodges made a timely demand upon GEICO for UIM policy limits, less the tortfeasor offset, providing medical records and bills in support. Compl. ¶¶ 14-15, ECF No. 1-2. GEICO responded with an offer of $10,000. *Id.* ¶ 16. Plaintiff asserts that the single offer by GEICO was unreasonably low, and she sued GEICO for breach of insurance contract and duties of fair dealing (Count I); breach of the Insurance Practices Act and bad faith (Count II), violation of the Unfair Practices Act (Count III). *Id.* ¶¶ 17-40. GEICO asserts that its offer of $10,000 was reasonable. Answer ¶ 16, ECF No. 6.

Defendant moves to bifurcate and stay discovery on the extra-contractual claims until Plaintiff's underlying UIM claim is resolved. Def.'s Mot. 1, ECF No. 22. Plaintiff does not oppose the motion. *Id.*

## II. STANDARD

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, [or] claims…" Fed. R. Civ. P. 42(b). A district court has broad discretion in determining whether to sever claims for trial. *Easton v. City of*

*Boulder*, 776 F.2d 1441, 1447 (10th Cir. 1985). Bifurcation may be in the interest of efficiency and judicial economy when the issues are clearly separable or resolution of one claim obviates the need to adjudicate other claims. *See Mandeville v. Quinstar Corp.*, 109 F. App'x 191, 194 (10th Cir. July 14, 2004).

### III. ANALYSIS

Although a determination of the contractual claim in favor of Defendant would dispose of the extra-contractual claims, Defendant has not established that convenience, efficiency, or prejudice to Defendant warrants a stay of discovery and separate trials before separate juries. In this case, the breach of contract claim involves whether Plaintiff is legally entitled to recover UIM benefits for damages related to the motor vehicle accident. Def.'s Mot. 2, ECF No. 22. The extra-contractual claims involve the fairness and reasonableness of GEICO's investigation and offer of settlement. *See* NM UJI 13-1702 ("In deciding whether to pay a claim, the insurance company must act reasonably under the circumstances to conduct a timely and fair [investigation or evaluation] of the claim."). The parties have not convinced the Court that there will be no overlap in evidence and testimony between Count I and Counts II and III that compels bifurcation. There are similar factual underpinnings between the contractual and extra-contractual claims – the amount of the damages sustained by Plaintiff in the accident. If a jury determines there was a breach of contract, evidence regarding the damages would be presented twice. Bifurcation and stay would require the parties to restart discovery, thus prolonging the course of the case.

Moreover, this District has an extensive criminal caseload that causes difficulty finding time to try civil cases. To economize this Court's resources, the Court will not stay discovery. Instead, the Court will allow discovery on all claims to proceed, so that, should the jury find for

3

Plaintiff on the contractual issues, the parties can proceed before the same jury on the extra-contractual claims. The Court will therefore permit bifurcation of the issues at trial, but will try all counts before the same jury. Bifurcating and staying discovery at this stage is not in the interest of efficiency and is not necessary to avoid prejudice. The Court's decision on this motion is without prejudice, because the motion was unopposed. Should the parties have additional reasons or grounds for which they believe a stay of discovery is beneficial to all parties, they may file another motion on these issues, and the Court will consider the arguments.

**IT IS THEREFORE ORDERED** that Defendant's Unopposed Motion to Bifurcate Trial and Stay Discovery on Plaintiff's Extra-Contractual Claims (**ECF No. 22**) is **GRANTED** to the extent that the Court will bifurcate at trial the determination of the contractual issues from extra-contractual issues, but will try all counts before the same jury. In all other respects, the motion is **DENIED WITHOUT PREJUDICE**.

_____
**UNITED STATES DISTRICT JUDGE**